## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL V. GABRIELE | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LAW OFFICE OF MARTHA CROOG, | : | |
| LLC, and AMERICAN HOME | : | |
| MORTGAGE SERVICING, INC. | : | |
| Defendants. | : | NOVEMBER 15, 2010 |

## COMPLAINT

Plaintiff, Michael V. Gabriele ("Plaintiff"), brings this action against defendants, the Law Office of Martha Croog, LLC ("Croog, LLC") and American Home Mortgage Servicing, Inc. ("AHMSI") (collectively "Defendants") for illegal activities during the collection, servicing, and litigation of an alleged debt.  The Defendants violated multiple provisions of the Fair Debt Collections Practices Act *15 USC § 1692 et seq* ("FDCPA") and the Truth in Lending Act *15 U.S.C. §§ 2301 et seq.* ("TILA").

Plaintiff also sues for statutory violations under *Conn. Gen. Stat. § 42-110a*, *et seq.,* the Connecticut Unfair Trade Practices Act ("CUTPA") and for common law breach of fiduciary duty, misrepresentation, wanton and reckless misconduct, breach of contract, and larceny on the basis of pendent jurisdiction.

Plaintiff seeks to recover damages suffered as a result of such violations.

### JURISDICTION AND VENUE.

1.  Federal jurisdiction is premised upon the existence of a federal claim or controversy and is invoked under *15 U.S.C. § 1692k* and *28 U.S.C. § 1331*, without regard to jurisdictional

amount or diversity of citizenship, and supplemental jurisdiction is proper under *28 U.S.C. § 1367* for the pendent claims under *Conn. Gen. Stat. § 42-110a et seq.* (CUTPA).

2.   Moreover, jurisdiction lies with this Court because Defendants each have minimum contacts with Connecticut and intentionally avails itself to Connecticut markets, so as to render the exercise of jurisdiction by the Connecticut courts permissible under traditional notions of fair play and substantial justice.

3.   Defendants received substantial compensation from the sale, use, maintenance, and/or enforcement of financial products and services in Connecticut and/or the collection of debts in Connecticut and by doing business that has had effects in Connecticut, and such acts of commission or omission inured to the detriment of the Plaintiff, thereby establishing contacts sufficient to subject it to personal jurisdiction in this Court and to justify the application of Connecticut law to all claims asserted herein, including if necessary by way of the Connecticut long-arm statutes, *Conn. Gen. Stat. § 33-929.*

4.   Pendent and ancillary jurisdiction also exists over common law claims, namely civil conspiracy, conversion, constructive trust, fraud, covenant of good faith and fair dealing, defamation, larceny, intentional and negligent emotional distress, unjust enrichment and wanton and reckless misconduct.

5.   Plaintiff's Connecticut law claims are so related to the federal law claims raised in this complaint that they form part of the same case or controversy under Article III of the United States Constitution.

6.   The issues raised by the state-law claims are no more novel or complex than the federal law claims, nor do they substantially predominate over the federal-law claims. The district court's exercise of supplemental jurisdiction would avoid unnecessary duplication and

multiplicity of actions, and should be exercised in the interests of judicial economy, convenience and fairness.

7. Venue in this Court is proper under *28 U.S.C. § 1391*, because all defendants regularly conduct business in the District and all the events, occurrences, and property that are relevant to this case occurred or are located in this District.

## THE PARTIES.

8. The Plaintiff is over the age of 18, resides at 15 Madison Lane, West Simsbury, CT in the County of Hartford, is a natural person, and is a consumer within the FDCPA.

9. The Defendant, Croog, LLC is a law firm registered as a Domestic Limited Liability Company in the State of Connecticut with offices and a place of business located at 190 Trumbull Street, 2nd Fl., Hartford, CT 06103.

10. Defendant, AHMSI is a loan servicing corporation and maintains an address at 1525 South Belt Line Road, Coppell, TX, 75019-4913.

## STATEMENT OF FACTS.

11. Deutsch Bank National Trust Company, claims that Plaintiff owes a debt secured by the property located at 15 Madison Lane, West Simsbury, CT. (the "Alleged Debt").

12. Plaintiff is a natural person obligated or allegedly obligated to pay the Alleged Debt and is therefore a "consumer" as defined pursuant to *15 U.S.C. §1692a(3)*.

13. Croog, LLC has been the firm of record in connection with the collection of thousands of debt collection lawsuits during the last 10 years.

14. AHMSI has collected thousands of debts and serviced thousands of debt collection lawsuits during the last 10 years.

15. Croog, LLC regularly, directly or indirectly, collects, or attempts to collect debts owed, due, or asserted to be owed to another.

16. AHMSI regularly, directly or indirectly, collects, or attempts to collect debts owed, due, or asserted to be owed to another.

17. Croog, LLC is a "debt collector" under *15 U.S.C. §1692a(6)*.

18. AHMSI is a "debt collector" under *15 U.S.C. §1692a(6)*.

19. AHMSI was the servicer and Croog, LLC was the firm of record for the lawsuit entitled, *Deutsch Bank National Trust Company v. Gabriele, Michael et al*[1], Docket No. HHD-CV09-5026843-S, initiated in the Hartford Superior Court in the Judicial District of Hartford with a return date of 2/10/2009 (the "First Action").

20. AHMSI was the servicer and Croog, LLC was the firm of record for the lawsuit entitled, *Deutsch Bank National Trust Company v. Gabriele, Michael et al*[2], Docket No. HHD-CV09-6005560-S, initiated in the Hartford Superior Court in the Judicial District of Hartford and filed on 11/13/2009 (the "Second Action").

21. No individual attorney of the firm has filed an appearance in the Action lieu of, or in addition to that of Croog, LLC. All attorneys have used the firm's Juris number in their pleadings.

22. Croog, LLC employs many attorneys who are debt collectors under *15 U.S.C. §1692a(6)*.

---

[1] Docket is attached as "Exhibit A".
[2] Docket is attached as "Exhibit B".

23. Croog, LLC attorneys acted within the scope of their employment and in furtherance of the business.

24. Croog, LLC is vicariously liable for any and all of the violations of *15 U.S.C. § 1692 et seq.* committed by its employees.

25. Defendants made multiple false, deceptive, or misleading representations while conducting the Action.

26. Defendants brought action against Plaintiff to wrongfully collect the Alleged Debt.

27. Defendants used and continue to use unfair acts, deceptive practices, and wrongful means in attempts to collect the Alleged Debt.

28. The Plaintiff was forced to sell stocks or otherwise liquidate personal property in order to pay the Defendants' demanded debt, incurring ascertainable losses thereby

29. Plaintiff has suffered and continues to suffer: monetary damages; an ascertainable loss of money or property; humiliation, mental pain and anguish; and, damages to his credit report and reputation, all as a direct and proximate result of Defendants' conduct and willful, wanton and intentionally reckless disregard for the Plaintiff's rights.

### CLAIM ONE: AS TO DEFENDANT CROOG, LLC.

**<u>Count One</u> - Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt.**

<u>Second Action's Complaint.</u>

30. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-29, as if fully restated herein.

31. Croog, LLC has made false and misleading representations in the Second Action's Complaint (Dated 10/29/2009) (the "Complaint"). This Complaint is hereby incorporated as if fully restated herein.[3]

32. Croog, LLC alleged in the Complaint that, "Pursuant to *Connecticut Practice Book* §10-29, Exhibits to this Complaint are not recited or annexed in full, but shall be served upon each party to this action forthwith upon receipt of notice of the appearance of such party, and shall further be filed in court with proof of service upon each appearing party."

33. On 12/10/2009, the Plaintiff filed his appearance in the Second Action.

34. On December 11, 2009, Croog, LLC filed a false Notice of Compliance pursuant to *C.P.B.* § 10-29, as Croog, LLC did not forward all of the required Exhibits.

35. Croog, LLC did not comply with *C.P.B.* §10-29 as Paragraph 5 of the Complaint indicates that there were two assignments, but it only forwarded the alleged assignment of December 12, 2007 and recorded January 28, 2008.

36. Croog, LLC's false and misleading representations were intentional as it knew that the representations in the Complaint were false.

37. Croog, LLC violated its duty pursuant to *15 U.S.C. §1692 et seq.* by failing to disclose that it had made false and misleading representations in the Complaint.

38. Croog, LLC's wanton and intentional actions demonstrate a reckless disregard for the pain, hardship, and suffering caused by unfair and deceptive debt collection practices.

---

[3] Attached as "Exhibit B".

39. Croog, LLC purposely uses unfair collection practices to deprive litigants of their property by using false and unfair representations, deceptive and/or wrongful means, and vexatious methods to increase the cost of litigation.

40. This conduct represents Croog, LLC's debt collection strategy.

41. As a proximate result of Croog, LLC's conduct, Plaintiff has suffered and continues to suffer: (a) monetary damages; (b) an ascertainable loss of money or property; (c) humiliation, mental pain and anguish; and (d) damages to his credit report and reputation, all as a direct and proximate result of Croog, LLC's conduct and willful, wanton and intentionally reckless disregard for the Plaintiff's rights.

<u>Illegal Default</u>

42. The Court granted the Plaintiff an extension of time to plead until 30 days after the later of Croog, LLC's compliance with *C.P.B.* §10-29 or the date of issuance of the Court's order granting the extension of time

43. Thereafter, Croog, LLC repeatedly sought to default the Plaintiff prior to the expiration of the Court ordered extension of time.

44. On 1/10/2010, Croog, LLC filed a Motion for Default for Failure To Appear (JDNO 109) even though the Plaintiff had already appeared on 12/10/2009.

45. On 1/19/2010, Croog, LLC made another wrongful attempt to default the Plaintiff by filing a Motion for Default for Failure To Plead even though the Plaintiff was not in default since Defendant had not complied with *C.P.B.* §10-29.

46. Each motion filed by the Croog, LLC required the Plaintiff to expend unnecessary resources.

47. Croog, LLC knew or should have known that the Court had ordered an extension of time.

48. Croog, LLC knew or should have known that it had not complied with *C.P.B.* §10-29.

49. Croog, LLC knew or should have known that filing and claiming multiple motions for default was harassing, oppressive, and in bad faith when the Plaintiff was not in default.

False Affidavit of Debt #1

50. On 6/4/2010, Croog, LLC filed an Affidavit of Debt with updated debt calculation that was blank.  The Affidavit was blank in the area that should have contained a name of a person, and it was not signed or acknowledged in any way.

51. This is a false affidavit.

52. Croog, LLC knew, or should have known, that the Affidavit was false, however, it filed it in court to support its strict foreclosure action.

53. Croog, LLC filed this false, deceptive, and misleading Affidavit in order to further its interests in securing judgment.

54. A failure to know of these facts demonstrates a reckless disregard for the truth.

55. Croog, LLC made misrepresentations to the court by submitting the affidavit.

56. Croog, LLC's representations were false, deceptive, and or misleading pursuant to *15 U.S.C. §1692e* and *§ 1692e(10)*.

<u>False Affidavit of Debt #2</u>

57. On 9/3/2010, Croog, LLC filed an Affidavit of Debt with updated debt calculation signed by Tonya Hopkins, Assistant Secretary of American Home Mortgage Servicing, Inc.

58. Upon information and belief, this is a false affidavit as the affiant states in paragraph 7, "There are no set-offs or counterclaims known to the undersigned." The affiant claims to have knowledge of the mortgage loan account, however, she does not know of the counterclaims that were filed over three months before on 1/27/2010.

59. Croog, LLC knew, or should have known, that the Affidavit was false; however, it filed it in court to support its motion for strict foreclosure.

60. Croog, LLC knew, or should have known, that this Affidavit was false.

61. Croog, LLC filed this false, deceptive, and misleading Affidavit in order to further its interests in securing judgment.

62. A failure to know of these facts would demonstrate a reckless disregard for the truth.

63. Croog, LLC made misrepresentations to the court by submitting the affidavit.

64. Croog, LLC's representations were false, deceptive, and or misleading pursuant to *15 U.S.C. §1692e* and *§ 1692e(10)*.

<u>False Affidavit – Federal Loss Mitigation Program</u>

65. On 10/4/2010, Croog, LLC filed an Affidavit of Federal Loss Mitigation Programs signed by Kathy Smith, Assistant Secretary of American Home Mortgage Servicing, Inc. on 10/4/2010.

66. The Connecticut Superior Court Standing Order required this Affidavit to attest that homeowners in foreclosure had been given the opportunity to be considered for federal loss mitigation programs before a judgment was entered.

67. The Affidavit stated that "the loan secured by the mortgage for which plaintiff seeks foreclosure is not subject to a loss mitigation program because, the loan is subject to the federal Making Homes Affordable Program but is not eligible because [sic] solicitization letter expired."

68. Croog, LLC knew that this affidavit was false because it was currently attending mediation where the Plaintiff was being considered for a HAMP federal loss mitigation program

69. Croog, LLC represented that the Plaintiff was being seriously considered as a candidate for modification under the HAMP program.

70. Based upon Croog, LLC's bad faith submission of the Affidavit, the court entered a Judgment of Strict Foreclosure.

71. Croog, LLC filed this false, deceptive, and misleading Affidavit in order to further its interests in securing judgment.

72. A failure to know of these facts demonstrates a reckless disregard for the truth.

73. Croog, LLC made misrepresentations to the court by submitting the affidavit.

74. Croog, LLC's representations were false, deceptive, and or misleading pursuant to *15 U.S.C. §1692e* and *§ 1692e(10)*.

75. Many of Croog LLC's filings misrepresented the importance, cost, and purpose of the statements, giving a false impression of the character, amount, or legal status of the Alleged Debt in violation of *15 U.S.C. §§ 1692e*.

76. Croog LLC's false representation of the character, amount, or legal status of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

77. Croog LLC's false representations throughout its services rendered for the collection of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

78. Croog LLC violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that were falsely represented as documents authorized, issued, or approved by a court, official, or agency of the government to collect, or attempt to collect, the Alleged Debt.

79. Croog LLC violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that created a false impression as to their source, authorization, and approval to collect, or attempt to collect, the Alleged Debt.

80. Croog LLC violated *15 U.S.C. § 1692e(10)* by making false representations and using deceptive means to collect or attempt to collect the Alleged Debt and to obtain information concerning the Plaintiff.

81. Croog LLC violated *15 U.S.C. § 1692f* by using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

82. As a proximate result of Croog, LLC's conduct, the Plaintiff has suffered and continues to suffer: (a) monetary damages; (b) an ascertainable loss of money or property; (c) humiliation, mental pain and anguish; and (d) damages to his credit report and reputation, all as a direct and proximate result of Croog, LLC's conduct and willful, wanton and intentionally reckless disregard for the Plaintiff's rights.

**Count Two – Violations of the Connecticut Unfair Trade Practices Act.**

83. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-76, as if fully restated herein.

84. This claim for relief arises under the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a*, *et seq.*

85. CUTPA § 42-110g(a) permits any person who suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by CUTPA to bring an action to recover actual damages.

86. At all times material to this complaint Croog, LLC was acting in furtherance of the policies, practices and customs within the scope of its agency and promoted its deceptive scheme through interstate commerce.

87. By the misrepresentations and non-disclosure of material facts alleged above, Croog, LLC deceived and continue to deceive Connecticut consumers, including the Plaintiff.

88. This conduct constitutes unlawful, unfair, deceptive and fraudulent business practices within the meaning of state consumer protection statutes.

89. Croog, LLC's use of media to promote its mortgage foreclosure business through false and deceptive representations as alleged above constitutes unfair competition and unfair, deceptive, untrue, or misleading advertising within the meaning of state consumer protection statutes and violated Conn. Gen. Stat. § 42-110(b) (a).

90. As a result of Croog, LLC's unfair and deceptive trade practices, the Plaintiff has acted to his detriment in having his mortgage modified in reliance of statements by Croog, LLC which he would not have tolerated had he been told the truth, and have, therefore, been placed at an increased risk of harm.

91. The Plaintiff is a consumer and suffered injury by Croog, LLC.

92. The injuries caused by Croog, LLC were not outweighed by any counter-veiling benefits to the Plaintiff.

93. The Plaintiff could not have reasonably avoided the aforesaid injuries due to the inherently deceptive nature of Croog, LLC's practices.

94. Connecticut has enacted statutes to protect consumers against unfair, deceptive or fraudulent business practices, unfair competition and false advertising.

95. The Plaintiff was compelled to pay unjustified and excessive charges and penalties, and collection expenses, resulting in a quantifiable loss for the Plaintiff.

96. The Plaintiff was obligated to retain the undersigned counsel to represent him, and this counsel is entitled to a fee for legal services.

97. Accordingly, through this action, the Plaintiff seeks compensation for the damages that he incurred in connection with the collection, servicing, and foreclosure litigation of his Alleged Debt and mortgage.

98. Under Conn. Gen. Stat. § 42-110(g) the Plaintiff is entitled to his actual damages, punitive damages, injunctive relief, costs and attorneys fees.

99. As a result of Croog, LLC's unfair and deceptive trade practices, the Plaintiff suffered damages, which include, without limitation, interest costs, collection costs, escrow costs, and or foreclosure forbearance or foreclosure defense costs in an amount to be determined at trial.

100. A copy of this Complaint has been mailed to Connecticut Attorney General Richard Blumenthal, pursuant to Conn. Gen. Statute § 42-i 10(g)(c).

101. A copy of this Complaint has been mailed to the Commissioner of Consumer Protection of the State of Connecticut, pursuant to Conn. Gen. Statute § 42-i 10(g) (c).

102. All conditions precedent to the bringing of this action have been performed, or satisfied, or waived.

## CLAIM TWO: AS TO DEFENDANT AHMSI.

**<u>Count One</u> - Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt.**

103. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-102, as if fully restated herein.

104. AHMSI's representations regarding its mortgage servicing practices were willful or reckless misrepresentations of material facts.

105.    AHMSI systematically failed to properly manage the Plaintiff's accounts and/or timely credit his payments to his accounts, including improperly returning or refusing to accept payments in order to generate defaults which allowed it to impose fees

106.    AHMSI sought to collect payments that the Plaintiff had already made.

107.    AHMSI wrongfully imposed late fees and sought to collect these payments.

108.    AHMSI misrepresented the total amount of the Plaintiff's unpaid mortgage loan, seeking to collect the supposed greater amount.

109.    AHMSI misrepresented the amounts of the Alleged Debt loans that was allegedly delinquent, seeking to collect greater deficiencies.

110.    AHMSI collected excessive amounts from the Plaintiff's escrow account.

111.    AHMSI threatened foreclosure of the Alleged Debt when it was not in default.

112.    AHMSI threatened foreclosure to persuade the Plaintiff to refinance his mortgage loan.

113.    Those acts are specific materially false statements, intentionally made, regularly and repeatedly, in order to deceive the Plaintiff.

114.    The Plaintiff relied upon these misrepresentations and continued to make payments so as to avoid foreclosure and damage to his credit ratings. He has suffered measurable loss because AHMSI has imposed false charges; made inadequate credits to the principal of the loans it services; and caused his credit ratings to be inaccurate

115.    AHMSI made these representations either intentionally, without knowledge of their truth or falsity, or recklessly to induce the Plaintiff to act thereon, and Plaintiff did, without knowledge of their falsity, justifiably and reasonably act upon these misrepresentations to his injury, as evidenced by his acquiescence to AHMSI 's servicing and modification offers.

116.    AHMSI either knew or should have known that its mortgage servicing practices were deceptive and unfair and, would result in risks to the financial and emotional well-being of the Plaintiff, and were otherwise not as the servicing transactions were represented to be, as alleged above.

117.    Upon information and belief, AHMSI recklessly advised the Plaintiff, to apply for mortgage modification programs that were detrimental his interests.

118.    AHMSI's knew, or should have known, that such instructions to the Plaintiff to pursue this course of action would not improve his mortgage.

119.    AHMSI's representations were unconscionable, false, deceptive or misleading because they suggested or implied that the mortgage modification programs would result in corrective action being taken to status of the Plaintiff's loan account, when in fact the Plaintiff was significantly injured and worse off then before the modification.

120.    AHMSI represented to the Plaintiff that it was entitled to collect various loan charges that were not legally due and owing.

121.    AHMSI's representations concerning the right to collect such fees and charges were false.

122.    AHMSI knew or should have known that such representations were false.

123.     Plaintiff relied on AHMSI's knowingly false representations concerning its entitlement to collect such fees and charges and paid such fees and charges to his detriment.

124.     The Plaintiff's reliance was reasonable or justifiable in the circumstances.

125.     This course of conduct by AHMSI was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused serious injury to the Plaintiff.

126.     Many of AHMSI's communications misrepresented the importance, cost, and purpose of the statements, giving a false impression of the character, amount, or legal status of the Alleged Debt in violation of *15 U.S.C. §§ 1692e*.

127.     AHMSI's false representation of the character, amount, or legal status of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

128.     AHMSI's false representations throughout its services rendered for the collection of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

129.     AHMSI violated *15 U.S.C. § 1692e(8)* by communicating or threatening to communicate credit information which was known, or which should have been known, to be false, including the failure to communicate that the Alleged Debt was disputed.

130.     AHMSI violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that were falsely represented as documents authorized, issued, or approved by a court, official, or agency of the government to collect, or attempt to collect, the Alleged Debt.

131.     AHMSI violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that created a false impression as to their source, authorization, and approval to collect, or attempt to collect, the Alleged Debt.

132.    AHMSI violated *15 U.S.C. § 1692e(10)* by making false representations and using deceptive means to collect or attempt to collect the Alleged Debt and to obtain information concerning the Plaintiff.

133.    AHMSI violated *15 U.S.C. § 1692e(14)* by using a business, company, or organization name other than the true name of the debt collector's business, company, or organization.

134.    AHMSI violated *15 U.S.C. § 1692f* by using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

135.    As a proximate result of AHMSI's conduct, Plaintiff has suffered and continues to suffer: (a) monetary damages; (b) an ascertainable loss of money or property; (c) humiliation, mental pain and anguish; and (d) damages to his credit report and reputation, all as a direct and proximate result of AHMSI's conduct and willful, wanton and intentionally reckless disregard for the Plaintiff's rights.

**Count Two**- **Violations of Truth in Lending Act.**

136.    Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-135, as if fully restated herein.

137.    Thousands of notes and mortgages serviced by AHMSI are adjustable rate mortgages, subject to the disclosure requirements of Reg. Z, 12 C.F.R. § 226.20 (c) for variable rate adjustments.

138.     Pursuant to 12 C.F.R. § 226.20(c), AHMSI is required to include in its: variable rate adjustment diclosure a statement of the loan balance. 12 C.F.R. § 226.20(c)(4).

139.     In imposing unauthorized or inflated charges, AHMSI failed to accurately disclose the loan balance, or stated a loan balance higher than it would have been but for AHMSI's intentionally false charges.

140.     By its actions, AHMSI has injured the Plaintiff, by charging improper fees, and either paid, which Plaintiff such fees or AHMSI caused liens to be attached to Plaintiff's property reflecting the amounts of such fees; Plaintiff is entitled to relief under TILA, including a declaratory judgment that AHMSI's conduct violates TILA, and damages to an extent and in such amounts to be determined at trial.

**Count Three – Intentional or Reckless Misrepresentation.**

141.     Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-140, as if fully restated herein.

142.      AHMSI's representations regarding the quality and characteristics of its mortgage servicing practices were willful or reckless misrepresentations of material facts.

143.   AHMSI made these representations either intentionally, without knowledge of their truth or falsity, or recklessly, in order to induce the Plaintiff to act thereon, and Plaintiff did, without knowledge of their falsity, justifiably and reasonably acted upon these misrepresentations to his injury, as evidenced by his acquiescence to AHMSI 's servicing and modification offers.

144.     AHMSI either knew or should have known that its mortgage servicing practices were deceptive and unfair and, would result in risks to the financial and emotional well-being of the Plaintiff, and were otherwise not as the servicing transactions were represented to be, as alleged above.

145.     AHMSI recklessly advised the Plaintiff to apply for mortgage modification programs that were detrimental his interests.

146.     AHMSI's knew, or should have known, that such instructions to the Plaintiff to pursue this course of action would not improve his mortgage.

147.     AHMSI's representations were unconscionable, false, deceptive or misleading because they suggested or implied that the mortgage modification programs would result in corrective action being taken to the status of the Plaintiff's loan account, when in fact the Plaintiff was significantly injured and worse off than before the modification.

148.     AHMSI represented to the Plaintiff that it was entitled to collect various loan charges that were not legally due and owing.

149.     AHMSI's representations concerning the right to collect such fees and charges were false.

150.     AHMSI knew or should have known that such representations were false.

151.     Plaintiff relied on AHMSI's knowingly false representations concerning its entitlement to collect such fees and charges and paid such fees and charges to his detriment.

152.      The Plaintiff's reliance was reasonable or justifiable in the circumstances.

153.    This course of conduct by AHMSI was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused serious injury to the Plaintiff.

154.    As a result of AHMSI's willful, reckless or negligent misrepresentation of material facts, the Plaintiff acted to his detriment and has or will suffer damages, which include, without limitation, costs to refinance, repair credit, and/or other damages in an amount to be determined at trial.

**Count Four – Larceny.**

155.    Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-154 as if fully restated herein.

156.    AHMSI wrongfully withheld the Plaintiff's funds that had been entrusted to AHMSI for the specific purpose of making payments on his mortgage loan.

157.    By its conduct, AHMSI committed larceny within the meaning of Conn. Gen. Stat. § 53a-119.

158.    By its conduct, AHMSI committed larceny within the meaning of Conn. Gen. Stat. § 52-564.

159.    AHMSI's larceny caused the Plaintiff actual damages and injuries in amounts yet to be determined (including, but not limited to, treble damages).

**Count Five – Breach of Contract**

160.    Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-159, as if fully restated herein.

161.   The terms of the standard notes and mortgages constitute a binding contract between AHMSI and the Plaintiff regarding the servicing of their loans.

162.   AHMSI has imposed or collected amounts that were not due and owing by contract including, without limitation, interest, prepayment penalties, and default-related fees, costs and charges.

163.   AHMSI misapplied or failed to apply payments, or imposed late fees and other charges not due, all in breach of its contracts with the Plaintiff.

164.   By one or more of its actions alleged above, AHMSI breached the express or implied terms of the contract it was servicing with the Plaintiff.

165.   The Plaintiff consequently suffered or will suffer damages in an amount to be determined at trial, which include, without limitation, compensatory, restitutionary, and punitive damages, plus the costs of Suit.

**Count Six – Breach of Fiduciary Duty.**

166.   Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-166, as if fully restated herein.

167.   AHMSI assumed fiduciary duties with respect to monies it held in escrow for the Plaintiff.

168.   AHMSI breached its fiduciary duties by failing to timely process or account for escrowed funds.

169.   The Plaintiff was damaged by AHMSI's breach of fiduciary duties.

170.   The Plaintiff is entitled to relief for AHMSI's breach.

**Count Seven** – **Violations of the Connecticut Unfair Trade Practices Act.**

171.   Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-76, as if fully restated herein.

172.   This claim for relief arises under the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a*, *et seq.*

173.   CUTPA § 42-110g(a) permits any person who suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by CUTPA to bring an action to recover actual damages.

174.   At all times material to this complaint AHMSI was acting in furtherance of the policies, practices and customs within the scope of its agency and promoted its deceptive scheme through interstate commerce.

175.   By the misrepresentations and non-disclosure of material facts alleged above, AHMSI deceived and continue to deceive Connecticut consumers, including the Plaintiff.

176.   This conduct constitutes unlawful, unfair, deceptive and fraudulent business practices within the meaning of state consumer protection statutes.

177.   AHMSI's use of media to promote its mortgage foreclosure business through false and deceptive representations as alleged above constitutes unfair competition and unfair, deceptive, untrue, or misleading advertising within the meaning of state consumer protection statutes and violated Conn. Gen. Stat. § 42-110(b) (a).

178.     As a result of AHMSI's unfair and deceptive trade practices, the Plaintiff has acted to his detriment in having his mortgage modified in reliance of statements by AHMSI which he would not have tolerated had he been told the truth, and have, therefore, been placed at an increased risk of harm.

179.     The Plaintiff is a consumer and suffered injury by AHMSI.

180.     The injuries caused by AHMSI were not outweighed by any counter-veiling benefits to the Plaintiff.

181.     The Plaintiff could not have reasonably avoided the aforesaid injuries due to the inherently deceptive nature of AHMSI's practices.

182.     Connecticut has enacted statutes to protect consumers against unfair, deceptive or fraudulent business practices, unfair competition and false advertising.

183.     The Plaintiff was compelled to pay unjustified and excessive charges and penalties, and collection expenses, resulting in a quantifiable loss for the Plaintiff.

184.     The Plaintiff was obligated to retain the undersigned counsel to represent him, and this counsel is entitled to a fee for legal services.

185.     Accordingly, through this action, the Plaintiff seeks compensation for the damages that he incurred in connection with the collection, servicing, and foreclosure litigation of his Alleged Debt and mortgage.

186.     Under Conn. Gen. Stat. § 42-110(g) the Plaintiff is entitled to his actual damages, punitive damages, injunctive relief, costs and attorneys fees.

24

187.    As a result of AHMSI's unfair and deceptive trade practices, the Plaintiff suffered

damages, which include, without limitation, interest costs, collection costs, escrow costs, and or

foreclosure forbearance or foreclosure defense costs in an amount to be determined at trial.

188.    A copy of this Complaint has been mailed to Connecticut Attorney General

Richard Blumenthal, pursuant to Conn. Gen. Statute § 42-i 10(g)(c).

189.    A copy of this Complaint has been mailed to the Commissioner of Consumer

Protection of the State of Connecticut, pursuant to Conn. Gen. Statute § 42-i 10(g) (c).

190.   All conditions precedent to the bringing of this action have been performed, or

satisfied, or waived.

## JURY DEMAND

191.   The Plaintiff demands trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

**As to Defendant Croog, LLC**

a.  Declare that Defendants have engaged in conduct which constitutes unlawful
practices under FDCPA and TILA.

b.  All such relief as is, or may be, available pursuant to 1*5 U.S.C. 1692k(1)*, *15
U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

c.  Monetary damages;

d.  Statutory damages;

e.  Interest and Costs;

f.  Legal Fees;

g.  Equitable Relief;

h.  Judgment in Plaintiff's favor;

i.  Such other relief as the Court deems fair, just, equitable and proper under the circumstances;

j.  Award Plaintiff judgment against Defendants, and each of them jointly and severally, for punitive or exemplary damages; and,

k.  Treble damages.

**As to Defendant AHMSI**

a.  Declare that Defendants have engaged in conduct which constitutes unlawful practices under FDCPA and TILA.

b.  All such relief as is, or may be, available pursuant to 1*5 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

c.  Monetary damages;

d.  Statutory damages;

e.  Interest and Costs;

f.  Legal Fees;

g.  Equitable Relief;

h.  Judgment in Plaintiff's favor;

i.  Such other relief as the Court deems fair, just, equitable and proper under the circumstances;

j.  Award Plaintiff judgment against Defendants, and each of them jointly and severally, for punitive or exemplary damages; and,

k.  Treble damages.

THE PLAINTIFF

_____/s/ J. Hanson Guest_____
By:  J. Hanson Guest Esq.
Counsel to Defendant
151 New Park Avenue
Hartford, CT 06106
(860) 231-6250 phone
(860) 231-6252 fax
No.: ct28167