# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL V. GABRIELE | : | CIVIL ACTION NO. |
| | : | **3:10-cv-01798-WWE** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LAW OFFICE OF MARTHA CROOG, | : | |
| LLC, and AMERICAN HOME | : | |
| MORTGAGE SERVICING, INC. | : | |
| Defendants. | : | October 3, 2011 |

## SECOND AMENDED COMPLAINT
## (JURY TRIAL REQUESTED)

Plaintiff, Michael V. Gabriele ("Plaintiff"), brings this action against defendants, the Law

Office of Martha Croog, LLC ("Croog, LLC") and American Home Mortgage Servicing, Inc.

("AHMSI") (collectively "Defendants") for illegal activities during the collection, servicing, and

litigation of an alleged debt.  The Defendants violated multiple provisions of the Fair Debt

Collections Practices Act *15 USC § 1692 et seq* ("FDCPA") and the Truth in Lending Act *15

U.S.C. §§ 2301 et seq.* ("TILA").

Plaintiff also sues for statutory violations under *Conn. Gen. Stat. § 42-110a, et seq.,* the

Connecticut Unfair Trade Practices Act ("CUTPA"), and intentional misrepresentation.

Plaintiff seeks to recover damages suffered as a result of such violations.

### JURISDICTION AND VENUE.

1.   Federal jurisdiction is premised upon the existence of a federal claim or controversy

and is invoked under *15 U.S.C. § 1692k* and *28 U.S.C. § 1331*, without regard to jurisdictional

amount or diversity of citizenship.

2. Supplemental jurisdiction under *28 U.S.C. § 1367* for the pendent claims under Connecticut law are proper because all the claims have a common nucleus of operative facts as the claims all spurred from the Defendant's wrongful attempts in collecting the same alleged debt.

3. Plaintiff's Connecticut law claims are so related to the federal law claims raised in this complaint that they form part of the same case or controversy under Article III of the United States Constitution.

4. The issues raised by the state-law claims are no more novel or complex than the federal law claims, nor do they substantially predominate over the federal-law claims. The district court's exercise of supplemental jurisdiction would avoid unnecessary duplication and multiplicity of actions, and should be exercised in the interests of judicial economy, convenience and fairness.

5. Defendants received substantial compensation from the sale, use, maintenance, and/or enforcement of financial products and services in Connecticut and/or the collection of debts in Connecticut and by doing business that has had effects in Connecticut, and such acts of commission or omission inured to the detriment of the Plaintiff, thereby establishing contacts sufficient to subject it to personal jurisdiction in this Court and to justify the application of Connecticut law to all claims asserted herein, including if necessary by way of the Connecticut long-arm statutes, *Conn. Gen. Stat. § 33-929*.

6. Venue in this Court is proper under *28 U.S.C. § 1391*, because all defendants regularly conduct business in the District and all the events, occurrences, and property that are relevant to this case occurred or are located in this District.

**THE PARTIES.**

7.   The Plaintiff is over the age of 18, resides at 15 Madison Lane, West Simsbury, CT in the County of Hartford, is a natural person, and is a consumer within the FDCPA.

8.   The Defendant, Croog, LLC is a law firm registered as a Domestic Limited Liability Company in the State of Connecticut with offices and a place of business located at 190 Trumbull Street, 2nd Fl., Hartford, CT 06103.

9.   Defendant, AHMSI is a loan servicing and debt collection corporation and maintains an address at 1525 South Belt Line Road, Coppell, TX, 75019-4913.

**STATEMENT OF FACTS.**

10. Deutsche Bank National Trust Company, claims that Plaintiff owes a debt secured by the personal residence located at 15 Madison Lane, West Simsbury, CT. (the "Alleged Debt").

11. Plaintiff is a natural person obligated or allegedly obligated to pay the Alleged Debt and is therefore a "consumer" as defined pursuant to *15 U.S.C. §1692a(3)*.

12. AHMSI has attempted to collect the debt allegedly owed to Deutsche Bank as trustee;

13. AHMSI regularly, directly or indirectly, collects, or attempts to collect debts owed, due, or asserted to be owed to another.

14. AHMSI is a "debt collector" under *15 U.S.C. §1692a(6)*.

15. The Defendants caused an action to be filed against Plaintiff to use wrongful means and methods to collect[1] the Alleged Debt titled, *Deutsche Bank National Trust Company v. Gabriele, Michael et al*[2], Docket No. HHD-CV09-6005560-S, initiated in the Hartford Superior Court in the Judicial District of Hartford and filed on 11/13/2009 (the "Action").

16. Croog, LLC was the firm of record for the Action.

17. Defendants made multiple false, deceptive, and/or misleading representations in the course of litigating the Action and continue to use unfair acts, deceptive practices, and wrongful means in attempts to collect the Alleged Debt.

18. Defendants acted collectively in furtherance of the wrongful attempt to collect the Alleged Debt.

19. The Plaintiff was forced to liquidate personal property in order to pay the Defendants' demanded debt and incurred in defenses of the Action against him, incurring ascertainable losses thereby.

20. Plaintiff has suffered and continues to suffer: monetary damages; an ascertainable loss of money or property; humiliation, mental pain and anguish; and, damages to his credit report and reputation, all as a direct and proximate result of Defendants' conduct and willful, wanton and intentionally reckless disregard for the Plaintiff's rights.

---

[1] Plaintiff is not challenging the finding of judgment by the Superior Court in this action; Plaintiff believes that the foreclosure judgment will be reversed and the Defendant will ultimately prevail; In fact, Plaintiff has appealed said action to the Connecticut Appellate Court; Plaintiff is challenging the means and methods used by Defendants in collecting said debt obligation;
[2] Docket is attached as "Exhibit A".

CLAIM ONE: AS TO DEFENDANT CROOG, LLC.

**Count One** - Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt.

21. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-20, as if fully restated herein.

22. Upon information and belief, Croog, LLC has been the firm of record in connection with the collection of thousands of debt collection lawsuits during the last 10 years.

23. Croog, LLC regularly, directly or indirectly, collects, or attempts to collect debts owed, due, or asserted to be owed to another.

24. Croog, LLC is a "debt collector" under *15 U.S.C. §1692a(6)*.

25. Defendants acted collectively in furtherance of the wrongful attempt to collect the Alleged Debt.

The Action's Complaint

26. Croog, LLC has made false and misleading representations in the Action's Complaint (Dated 10/29/2009) (the "Complaint"). This Complaint is hereby incorporated as if fully restated herein.[3] The return date was 11/24/2009.

27. Croog, LLC alleged in the Complaint that, "Pursuant to *Connecticut Practice Book* §10-29, Exhibits to this Complaint are not recited or annexed in full, but shall be served upon each party to this action forthwith upon receipt of notice of the appearance of such party, and shall further be filed in court with proof of service upon each appearing party."

_____

[3] Attached as "Exhibit B".

28. On December 11, 2009, Croog, LLC filed a false Notice of Compliance pursuant to *C.P.B.* § 10-29, because it did not forward all of the required Exhibits. Specifically, Croog, LLC did not comply with *C.P.B.* §10-29 as Paragraph 5 of the Complaint indicates that there were two assignments, but it only forwarded the alleged assignment of December 12, 2007 and recorded January 28, 2008.

29. Croog, LLC's false and misleading representations were intentional as it knew, should have known, or demonstrated a reckless disregard for the fact that the representations in the Complaint were false.

30. Croog, LLC purposely uses unfair collection practices to deprive litigants of their property by using false and unfair representations, deceptive and/or wrongful means, and vexatious methods to increase the cost of litigation.

31. This conduct represents Croog, LLC's debt collection strategy.


Illegal Defaults

32. On 1/11/2010, Croog, LLC filed a Motion for Default for Failure to Appear (JDNO 109.00) even though the Plaintiff had already appeared on 12/10/2009.

33. The Court granted the Plaintiff an extension of time to plead until 30 days after the later of Croog, LLC's compliance with *C.P.B.* §10-29, or the date of issuance of the Court's order granting the extension of time.

34. Croog, LLC sought to default the Plaintiff prior to the expiration of the Court ordered extension of time.

35. On 1/19/2010, Croog, LLC made another wrongful attempt to default the Plaintiff by filing a Motion for Default for Failure To Plead even though the Plaintiff was not in default since Defendant had not complied with *C.P.B.* §10-29.

36. Each motion filed by the Croog, LLC required the Plaintiff to expend unnecessary resources.

37. Croog, LLC knew, should have known, or demonstrated a reckless disregard for the fact that filing and claiming a default when the Plaintiff was not in default was false, misleading, and deceptive. Further, Croog, LLC knew, should have known, or demonstrated a reckless disregard for the fact that filing and claiming one or more motions for default was harassing, oppressive, and in bad faith when the Plaintiff was not in default.

<u>Illegal Motion for Judgment In Strict Foreclosure</u>

38. On November 30, 2009, Croog, LLC filed an Motion for Judgment of Strict Foreclosure; Said Motion for Judgment in Strict Foreclosure violated CPB §17-33A which prohibits a filing of a Motion for Strict Foreclosure prior to 30 days after the return day; The Return Date was November 24, 2009;

39. Croog, LLC knew, should have known, or demonstrated a reckless indifference to the fact that filing an illegal Motion for Judgment in Strict Foreclosure was harassing, oppressive, and in bad faith when the Plaintiff was not in default and Defendant's motion violated the Connecticut Practice Book rules.

<u>False Affidavit #1</u>

40. On 6/4/2010, Croog, LLC filed an Affidavit of Debt with an updated debt calculation that was blank.  The Affidavit was blank in the area that should have contained a name of a person, and it was not signed or acknowledged in any way.

41. This is a false affidavit.

42. Croog, LLC knew, or should have known, that the Affidavit was false; however, it filed it in court to support its strict foreclosure action.

False Affidavit #2

43. On 9/3/2010, Croog, LLC filed another Affidavit of Debt with an updated debt calculation signed by Tonya Hopkins, Assistant Secretary of American Home Mortgage Servicing, Inc.

44. Upon information and belief, this is a false affidavit as the affiant states in paragraph 7, "There are no set-offs or counterclaims known to the undersigned."  The affiant claims to have knowledge of the mortgage loan account, however, she does not state that counterclaims were filed over three months before on 1/27/2010.

45. Croog, LLC knew, or should have known, that the Affidavit was false; however, it filed it in court to support its motion for strict foreclosure.

46. Croog, LLC filed this false, deceptive, and misleading Affidavit in order to further its interests in securing a judgment.

False Affidavit #3

8

47. On 10/4/2010, Croog, LLC filed an Affidavit of Federal Loss Mitigation Programs signed by Kathy Smith, Assistant Secretary of American Home Mortgage Servicing, Inc. on 10/4/2010.

48. The Connecticut Mortgage Foreclosure Standing Order, Federal Loss Mitigation Programs (JD-CV-117) required this Affidavit to attest that homeowners in foreclosure had been given the opportunity to be considered for federal loss mitigation programs before a judgment was entered.

49. The Affidavit stated that "the loan secured by the mortgage for which plaintiff seeks foreclosure is not subject to a loss mitigation program because, the loan is subject to the federal Making Homes Affordable Program but is not eligible because [sic] solicitization letter expired."

50. This affidavit was false because it was currently attending mediation where the Plaintiff was being considered for a HAMP federal loss mitigation program

51. Based upon Croog, LLC's bad faith submission of the Affidavit, the court entered a Judgment of Strict Foreclosure.

52. Croog, LLC's representations were false, deceptive, and or misleading pursuant to *15 U.S.C. §1692e* and *§ 1692e(10)*.

53. Croog LLC's filings misrepresented the importance, cost, and purpose of the statements, giving a false impression of the character, amount, or legal status of the Alleged Debt in violation of *15 U.S.C. §§ 1692e*.

54. Croog LLC's false representation of the character, amount, or legal status of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

55. Croog LLC's false representations throughout its services rendered for the collection of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

56. Croog LLC violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that were falsely represented as documents authorized, issued, or approved by a court, official, or agency of the government to collect, or attempt to collect, the Alleged Debt.

57. Croog LLC violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that created a false impression as to their source, authorization, and approval to collect, or attempt to collect, the Alleged Debt.

58. Croog LLC violated *15 U.S.C. § 1692e(10)* by making false representations and using deceptive means to collect or attempt to collect the Alleged Debt and to obtain information concerning the Plaintiff.

59. Croog LLC violated *15 U.S.C. § 1692f* by using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

60. As a proximate result of Croog, LLC's conduct, the Plaintiff has suffered and continues to suffer: (a) monetary damages; (b) an ascertainable loss of money or property; (c) humiliation, mental pain and anguish; and (d) damages to his credit report and reputation, all as a direct and proximate result of Croog, LLC's conduct and willful, wanton and intentionally reckless disregard for the Plaintiff's rights.

**<u>Count Two</u> – Violations of the Connecticut Unfair Trade Practices Act.**

61. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-60, as if fully restated herein.

62. Upon information and belief, despite the fact that Croog knew, should have known, or was recklessly indifferent to the fact that Croog had filed false and illegal pleadings and sought premature defaults, Croog, LLC also caused the cost for such false pleadings and premature defaults to be added to the outstanding balance required for Foreclosure Defendants to cure mortgage defaults;

63. Upon information and belief, despite the fact that Croog knew, should have known, or was recklessly indifferent to the fact that Croog had filed false and illegal pleadings and sought premature defaults, Croog, LLC wantonly and intentionally disregarded its obligations under the law to enhance its performance in key statistics related to Croog, LLC's speed and efficiency as it relates to foreclosure actions in order to gain a competitive advantage in the foreclosure arena;

64. Further, Croog, LLC has a pattern and/or habit of filing false and illegal pleadings and seeking premature defaults in debt collection actions to gain a procedural, tactical, and emotional advantage over litigants including pro se litigants.

65. Croog, LLC knows, should have known, or demonstrated a reckless disregard for the fact that it was filing false and illegal pleadings and premature defaults.

66. Croog, LLC's conduct is intentional and wanton.

Example 1: Pro Se Foreclosure Defendant Steinbach

67. For example, on 12/14/2009, Croog, LLC continued its practice of filing false and illegal pleadings and seeking premature defaults of Foreclosure Defendants in the case of *Deutsche Bank National Trust Company as Trustee v. Michael Steinbach*, New Haven Superior Court in the District of New Haven, Connecticut, NNH-CV09-6006087S.

68. Croog, LLC brought the action by writ, summons, and complaint on 11/25/2009. The return day was 12/1/2009. Mr. Steinbach appeared pro se on 11/30/2009. On 12/14/2009, Croog, LLC filed a Motion for Judgment in Strict Foreclosure. However, pursuant to CPB §17-33A, the Plaintiff was not able to file a Motion for Judgment in Strict Foreclosure prior to 30 days after the return day.

69. Further, Croog, LLC had not filed a Motion for Default for failure to plead against Mr. Steinbach. In fact, pursuant to Connecticut Practice Book §10-8, Mr. Steinbach was not in default and was not required to plead until 12/16/2009.

70. In fact on 12/15/2009, according to the court's docket, Mr. Steinbach filed a timely Motion for Extension of Time. Croog, LLC did not withdraw the false and illegal Motion for Judgment in Strict Foreclosure.

Example 2: Foreclosure Defendants Paula B. Hodge and Richard G. Hodge

71. In a second example, on 12/23/2009, Defendant Croog, LLC commenced by writ, summons, and complaint a foreclosure action against Foreclosure Defendant Paula Hodge and Richard Hodge (Foreclosure Defendants Hodge) in the case of *Deutsche Bank National Trust Company as Trustee v. Paula B. Hodge et al.*, Hartford Superior Court in the Judicial District of

Hartford, CT, HHD-CV09-6006548-S; The Return Date was December 29, 2009; The Foreclosure Defendants Hodge appeared on 12/30/2009;

72. On 1/4/2010, Defendant Croog, LLC filed a Motion for Judgment in Strict Foreclosure in violation of CPB §17-33A;

73. Croog, LLC, also on 1/4/2010, filed a Motion for Judgment in Strict Foreclosure. The Foreclosure Defendant Hodge had appeared and was not in default; In fact, the Foreclosure Defendant Hodge was not required to file a pleading until 1/14/2010;

Example 3: Pro Se Foreclosure Defendant Alvin Counsel

74. In another example, on 1/5/2010, Croog, LLC sought to default the pro se Defendant Alvin Counsel for a failure to appear in the case of *Wells Fargo Bank v. Alvin Counsel*, New Haven Superior Court in the District of New Haven, NNH-CV09-6006790-S filed on 12/22/2009; On 12/31/2009, Mr. Counsel appeared in the matter;

75. On 1/5/2010, Croog, LLC filed a Motion for Default for failure to appear and a Motion for Judgment in Strict Foreclosure;

76. Defendant Croog, LLC's Motion for Default for Failure To Appear was false as Foreclosure Defendant Counsel had appeared; Defendant Croog, LLC's Motion for Judgment in Strict Foreclosure was illegal as it was prohibited by CPB §17-33A prior to 30 days after the return day;

77. This claim for relief arises under the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a, et seq.*

78. By the misrepresentations, false and illegal pleadings, illegal defaults, and non-disclosure of material facts alleged above, Croog, LLC deceived and continues to deceive Connecticut consumers, including the Plaintiff.

79. This conduct constitutes unlawful, unfair, deceptive and fraudulent business practices within the meaning of Connecticut consumer protection statutes.

80. The Plaintiff was compelled to pay unjustified and excessive charges and penalties, and collection expenses, resulting in an ascertainable loss for the Plaintiff.

81. Accordingly, through this action, the Plaintiff seeks compensation for the damages that he incurred in connection with the collection, servicing, and foreclosure litigation of his Alleged Debt and mortgage and under Conn. Gen. Stat. § 42-110(g) the Plaintiff is entitled to his actual damages, punitive damages, injunctive relief, costs and attorneys fees.

82. Plaintiff has provided notice of the action to the Department of Consumer Protection and Connecticut Attorney General's Office.

**CLAIM TWO: AS TO DEFENDANT AHMSI.**

**<u>Count One</u> – Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt.**

83. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-82, as if fully restated herein.

84. Defendants acted collectively in furtherance of the wrongful attempt to collect the Alleged Debt.

85. AHMSI's representations were false, deceptive, and or misleading pursuant to *15 U.S.C. §1692e* and *§ 1692e(10)*.

86. AHMSI's filings misrepresented the importance, cost, and purpose of the statements, giving a false impression of the character, amount, or legal status of the Alleged Debt in violation of *15 U.S.C. §§ 1692e*.

87. AHMSI's false representation of the character, amount, or legal status of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

88. AHMSI's false representations throughout its services rendered for the collection of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

89. AHMSI violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that were falsely represented as documents authorized, issued, or approved by a court, official, or agency of the government to collect, or attempt to collect, the Alleged Debt.

90. AHMSI violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that created a false impression as to their source, authorization, and approval to collect, or attempt to collect, the Alleged Debt.

91. AHMSI violated *15 U.S.C. § 1692e(10)* by making false representations and using deceptive means to collect or attempt to collect the Alleged Debt and to obtain information concerning the Plaintiff.

92. AHMSI violated *15 U.S.C. § 1692f* by using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

93. As a proximate result of AHMSI's conduct, the Plaintiff has suffered and continues to suffer: (a) monetary damages; (b) an ascertainable loss of money or property; (c) humiliation, mental pain and anguish; and (d) damages to his credit report and reputation, all as a direct and proximate result of Croog, LLC's conduct and willful, wanton and intentionally reckless disregard for the Plaintiff's rights.

**Count Two - Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for False, Misleading, and Deceptive Methods in Collection of the Alleged Debt.**

94. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-93, as if fully restated herein.

95. Upon information and belief, AHMSI systematically failed to properly manage the Plaintiff's accounts and/or timely credit his payments to his accounts, including improperly returning or refusing to accept payments in order to generate defaults which allowed it to impose fees.

96. Upon information and belief, AHMSI imposed false charges; wrongfully imposed late fees; made inadequate credits to the principal of the loans; collected excessive amounts from the Plaintiff's escrow account; misrepresented the amounts of the Alleged Debt that allegedly were delinquent, seeking to collect greater deficiencies; and/or caused his credit ratings to be inaccurate.

97. AHMSI advised the Plaintiff, to apply for mortgage modification programs that were detrimental his interests and would not improve his mortgage.

98. AHMSI's representations were false, deceptive, or misleading because they suggested or implied that the mortgage modification programs would result in corrective action being taken

to status of the Plaintiff's loan account, when in fact the Plaintiff was significantly injured and worse off then before the modification.

99. Many of AHMSI's communications to the Plaintiff misrepresented the importance, cost, and purpose of the statements, giving a false impression of the character, amount, or legal status of the Alleged Debt in violation of *15 U.S.C. §§ 1692e*.

100.    AHMSI's false representation of the character, amount, or legal status of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

101.    AHMSI's false representations throughout its services rendered for the collection of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

102.    AHMSI violated *15 U.S.C. § 1692e(8)* by communicating or threatening to communicate credit information which was known, or which should have been known, to be false.

103.    AHMSI violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that created a false impression as to their source, authorization, and approval to collect, or attempt to collect, the Alleged Debt.

104.    AHMSI violated *15 U.S.C. § 1692f* by using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

105.    As a proximate result of AHMSI's conduct, Plaintiff has suffered and continues to suffer: (a) monetary damages; (b) an ascertainable loss of money or property; (c) humiliation, mental pain and anguish; and (d) damages to his credit report and reputation, all as a direct and

proximate result of AHMSI's conduct and willful, wanton and intentionally reckless disregard for the Plaintiff's rights.

**Count Three - Intentional or Reckless Misrepresentation**

106.    Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-105, as if fully restated herein.

107.     AHMSI's representations to the Plaintiff regarding the amounts due on the Alleged Debt were willful or reckless misrepresentations of material facts.

108.    AHMSI recklessly advised the Plaintiff to apply for mortgage modification programs that were detrimental his interests.

109.    AHMSI's knew, or should have known, that such instructions to the Plaintiff to pursue this course of action would not improve his mortgage.

110.    AHMSI's representations were unconscionable, false, deceptive or misleading because they suggested or implied that the mortgage modification programs would result in corrective action being taken to the status of the Plaintiff's loan account, when in fact the Plaintiff was significantly injured and worse off than before the modification.

111.    AHMSI represented to the Plaintiff that it was entitled to collect various loan charges that were not legally due and owing.

112.    AHMSI's representations concerning the right to collect such fees and charges were false.

113.    AHMSI knew or should have known that such representations were false.

114.   Plaintiff relied on AHMSI's knowingly false representations concerning its entitlement to collect such fees and charges and paid such fees and charges to his detriment.

115.   The Plaintiff's reliance was reasonable or justifiable in the circumstances.

116.   This course of conduct by AHMSI was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused serious injury to the Plaintiff.

117.   As a result of AHMSI's willful, reckless or negligent misrepresentation of material facts, the Plaintiff acted to his detriment and has or will suffer damages, which include, without limitation, costs to refinance, repair credit, and/or other damages in an amount to be determined at trial.

118.   AHMSI made these representations either intentionally, or recklessly, in order to induce the Plaintiff to act thereon, and Plaintiff did, without knowledge of their falsity, justifiably and reasonably acted upon these misrepresentations to his injury, as evidenced by his acquiescence to AHMSI's claims and modification offers.

119.   AHMSI either knew or should have known that its mortgage servicing practices were deceptive and unfair and, would result in risks to the financial and emotional well-being of the Plaintiff, and were otherwise not as the servicing transactions were represented to be, as alleged above.

**Count Four – Violations of the Connecticut Unfair Trade Practices Act.**

120.   Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-119, as if fully restated herein.

121.     This claim for relief arises under the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a, et seq.*

122.     The Plaintiff is a consumer and suffered injury by AHMSI.

123.     At all times material to this complaint AHMSI was acting in furtherance of the policies, practices and customs within the scope of its agency and promoted its deceptive scheme through interstate commerce.

124.     By the misrepresentations and non-disclosure of material facts alleged above, AHMSI deceived and continue to deceive Connecticut consumers, including the Plaintiff.

125.     This conduct constitutes unlawful, unfair, deceptive and fraudulent business practices within the meaning of state consumer protection statutes.

126.     As a result of AHMSI's unfair and deceptive trade practices, the Plaintiff has acted to his detriment in having his mortgage modified in reliance of statements by AHMSI which he would not have tolerated had he been told the truth, and have, therefore, been placed at an increased risk of harm.

127.     Accordingly, through this action, the Plaintiff seeks compensation for the damages that he incurred in connection with the collection, servicing, and foreclosure litigation of his Alleged Debt and mortgage.

128.     As a result of AHMSI's unfair and deceptive trade practices, the Plaintiff suffered damages, which include, without limitation, interest costs, collection costs, escrow costs, and or foreclosure forbearance or foreclosure defense costs in an amount to be determined at trial.

20

129.    All conditions precedent to the bringing of this action have been performed, or satisfied, or waived.

## Jury Demand

The Plaintiff demands trial by jury for all issues so triable.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

As to Defendant Croog, LLC:

1. Declare that Defendants have engaged in conduct which constitutes unlawful practices under FDCPA.

2. All such relief as is, or may be, available pursuant to 1*5 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

3. All such relief as is, or may be, available pursuant to *CGS §42-110g(a)* and *CGS §42-110g(d)*;

4. Monetary damages;

5. Statutory damages;

6. Interest and Costs;

7. Legal Fees;

8. Equitable Relief;

9. Judgment in Plaintiff's favor;

10.    Such other relief as the Court deems fair, just, equitable and proper under the circumstances;

11. Award Plaintiff judgment against Defendants, and each of them jointly and severally, for punitive or exemplary damages; and,

12. Treble damages.

As to Defendant AHMSI:

21

1. Declare that Defendants have engaged in conduct which constitutes unlawful practices under FDCPA;

2. All such relief as is, or may be, available pursuant to 1*5 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

3. All such relief as is, or may be, available pursuant to *CGS §42-110g(a)* and *CGS §42-110g(d)*;

4. Monetary damages;

5. Statutory damages;

6. Interest and Costs;

7. Legal Fees;

8. Equitable Relief;

9. Judgment in Plaintiff's favor;

10. Such other relief as the Court deems fair, just, equitable and proper under the circumstances;

11. Award Plaintiff judgment against Defendants, and each of them jointly and severally, for punitive or exemplary damages; and,

12. Treble damages.

THE PLAINTIFF

_____/s/ J. Hanson Guest_____
By:  J. Hanson Guest Esq.
Counsel to Defendant
151 New Park Avenue
Hartford, CT 06106
(860) 231-6250 phone
(860) 231-6252 fax
No.: ct28167

<u>CERTIFICATION</u>

I hereby Certify that on 10/3/2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Plaintiff

By: ____/s/ J. Hanson Guest_____
J. Hanson Guest (ct28167)
Guest & Associates
151 New Park Avenue
Hartford, CT 06120
Phone: (860) 231-6250
Fax: (860) 231-6252
E-Mail: hguest@guest-associates.com