UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL V. GABRIELLE, : | 3:10cv1798 (WWE) |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| LAW OFFICE OF MARTHA CROOG, : | |
| and AMERICAN HOME MORTGAGE : | |
| SERVICING, INC., : | |
|     Defendants. : | |

**MEMORANDUM OF DECISION ON MOTIONS TO DISMISS**

The genesis of this law suit is an action filed in Superior Court of Connecticut against plaintiff Michael Gabrielle related to the collection of a debt by defendant Law Office of Martha Croog ("Croog"). As to Croog, plaintiff alleges: (1) a violation of the Fair Debt Collection Act ("FDCPA"), 15 U.S.C. § 1692, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a. As to American Home Mortgage Servicing, Inc. ("American"), plaintiff alleges a violation of FDCPA, a violation of CUTPA, and intentional misrepresentation.[1]

Defendants have filed motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the following reasons, the motions to dismiss will be granted.

**BACKGROUND**

For purposes of ruling on this motion, the Court takes the facts alleged in the complaint to be true. However, the Court may take judicial notice of matters of public record, including documents filed on the docket of the state court action against

---

[1] The complaint also mentions the Truth in Lending Act ("TILA"), 15 U.S.C. § 2301; however, the complaint does not assert a claim of a TILA violation. The Court will dismiss any such claim, which appears not to be supported by the allegations seeking relief.

plaintiff.  Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157 (1969).

Plaintiff asserts that he is a consumer for purposes of the FDCPA as an individual who was allegedly obligated to pay a debt to Deutsche Bank National Trust Company ("Deutsche Bank").

Defendant Croog is a law firm in the State of Connecticut, and defendant American is a loan servicing and debt collection corporation.

Defendant Croog was hired to collect the debt and, on November 13, 2009, it filed an action against plaintiff in Connecticut Superior Court entitled Deutsche Bank National Trust Co. v. Gabriele.  Defendant American was not a party to this action, although plaintiff alleges that American made false and misleading representations during the course of the litigation.

In the course of litigating that action, defendants made false, deceptive and misleading statements.  Specifically, plaintiff alleges that defendant Croog (1) filed a false Notice of Compliance with the procedures of the Connecticut Practice Book because it failed to provide the complete exhibits referenced in the Foreclosure Complaint; (2) filed several wrongful attempts to default the plaintiff; (3) filed a Motion for Judgment in Strict Foreclosure prior to the time allowed by the Connecticut Practice Book; and (4) filed false affidavits.  Plaintiff alleges that American made false representations of the character, amount or legal status of the debt, advised plaintiff to apply for mortgage modification programs that were detrimental to his interests, and communicated or threatened to communicate credit information that was known to be false.

Plaintiff filed a motion for sanctions based on the same alleged litigation misconduct that plaintiff describes in the instant complaint as harassing with the exception of the filing of the Motion for Judgment in Strict Foreclosure. The state Superior Court denied plaintiff's motion for sanctions and plaintiff did not appeal that ruling.

An order of default for failure to plead was entered against plaintiff. Plaintiff's attempt to reopen the default failed, and he has filed an appeal.

## DISCUSSION

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446, (1942).

The function of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable

3

inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1944 (2009).

Subject Matter Jurisdiction

Defendant Croog maintains that federal subject matter jurisdiction is lacking because the state court has already determined that Croog was not liable for litigation misconduct.[2] Specifically, Croog argues that the state court's denial of the motion for sanctions bars this Court from reviewing such conduct under, inter alia, the doctrine of Rooker-Feldman.

The Rooker-Feldman doctrine applies to actions brought by a state-court loser complaining of injuries "caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005). The Second Circuit has set out the four requirements of the Rooker–Feldman doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) the "state-court judgment must have been rendered before the district court proceedings commenced." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 83 (2d Cir. 2005).

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

---

[2]Defendant Croog does not argue that the Court lacks subject matter jurisdiction over plaintiff's claim related to the filing of the Motion for Judgment in Strict Foreclosure, which was not included as an allegation of litigation misconduct in the motion for sanctions.

4

1692e.  Courts considering a FDCPA violation have looked to whether a statement is materially false or misleading.  Lane v. Fein, Such and Crane, LLP, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011).  Statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt.  Hasbrouck v. Arrow Fin. Servs. LLC, 2011 WL 1899250, *4 (N.D.N.Y. 2011).  Thus, consideration of plaintiff's claims that Croog violated the FDCPA in connection with the collection of the debt requires the Court to review whether Croog made materially false representations in its pleadings and engaged in litigation misconduct.  To find a violation of the FDCPA, the Court would have to find that the allegations represent litigation misconduct and thereby reject the state court's denial of sanctions based on the same alleged conduct.

Similarly, CUTPA requires the Court to consider whether Croog engaged in any unfair or deceptive acts or practices, Conn. Gen. Stat. § 42-110b(a), which would entail review of the Superior Court's finding against sanctions.

Accordingly, the Court's review of the FDCPA and CUTPA claims against Croog is barred by the Rooker-Feldman doctrine.

Failure to State A Claim:  FDCPA Against Croog

All of the allegations of FDCPA violation, including those related to the Motion for Judgment in Strict Foreclosure, fail to state a claim.  In considering the FDCPA, courts apply an objective test based on the understanding of the "least sophisticated consumer" to determine whether a violation occurred.  See Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993).  Even if a statement is false in some technical sense, it does not violate the statute unless it would mislead the unsophisticated consumer.  Hasbrouck, 2011 WL 1899250 at *3.  In this instance, the

allegations of the complaint describe procedural defects in connection with state court litigation rather than communications with the plaintiff-debtor.  The communications at issue were directed to the state court and to the plaintiff's lawyer.  In light of the fact that the statements were made within the legal context of litigation, they cannot be considered to be misleading of plaintiff who was represented by counsel.  See Kropelniki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) ("Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior"); Boyd v. J.E. Robert Co., 2010 WL 5772892, *13 (E.D.N.Y. 2010) (communication sent to debtor's attorney is not actionable under the FDCPA).  Accordingly, the motion to dismiss will be granted as to Croog.

      Failure to State A Claim:  CUTPA Against Croog

In the context of the practice of law, a CUTPA claim is only cognizable except when the claim stems from the entrepreneurial aspect of the practice of law.  Suffield Development Assocs. v. National Loan Investors, L.P., 260 Conn. 766, 781-782 (2002).  Here, plaintiff's allegations concern defendant Croog's representation of its client during a litigation proceeding rather than any entrepreneurial aspect of law.  This claim will be dismissed.

      Failure to State A Claim: FDCPA against American

Defendant American argues that plaintiff has failed to state a FDCPA claim because plaintiff has failed to establish that American is a cognizable defendant.

The FDCPA applies to entities that qualify as debt collectors as defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the

mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" to the extent such activity "concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6).

Case law has interpreted Section 1692a as exempting mortgage servicing companies unless the debt at issue was already in default at the time when the servicing of that debt began.  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1998).

Plaintiff alleges that defendant American is "a loan servicing and debt collection corporation."  However, the complaint is silent as to whether the debt was in default when American acquired it.   Under the Iqbal standard, such allegation is essential to pleading a facially plausible claim supported by the facts of the complaint.  Accordingly, the motion to dismiss will be granted on this ground.

Intentional Misrepresentation

American asserts that the complaint fails to establish that defendant possessed the requisite fraudulent intent.  A claim of intentional misrepresentation sounds in fraud and is subject to Federal Rule of Civil Procedure Rule 9(b).  James F. Canning Agency v. Nationwide Ins. Co. of America, 2010 WL 2698292 (D. Conn. 2010).   To plead with particularity in accordance with Rule 9(b), the complaint must:  (1) specify the statements alleged to be fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004).  Rule 9(b) provides that "[m]alice, intent, knowledge and other conditions of a person's mind may be alleged

7

generally." However, to safeguard a defendant's reputation from unsubstantiated charges of wrongdoing or a strike suit, the Second Circuit has instructed that plaintiffs must allege facts that give rise to a strong inference of fraudulent intent. Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). The "strong inference of fraud" may be established by either alleging facts to show that a defendant had both motive and opportunity to commit fraud, or facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. James F. Canning Agency, 2010 WL 2698292 at *2.

    In this instance, plaintiff alleges that American misrepresented facts about the alleged debt, recklessly advised plaintiff to apply for mortgage modification programs that were detrimental to his interest, knew that such instruction would not improve his mortgage, and misrepresented that it was entitled to collect various loan charges. Plaintiff argues that he has pleaded his claim with particularity because he has alleged that two American employees, Tonya Hopkins and Kathy Smith, Assistant Secretaries of American, made false representations in their respective affidavits. In her Affidavit of Debt, Hopkins averred that "[t]here are no set-offs or counterclaims known to the undersigned," although counterclaims had been filed three months prior. In her Affidavit of Federal Loss Mitigation Programs, Smith averred that "the loan secured by the mortgage for which plaintiff seeks foreclosure is not subject to a loss mitigation program because, the loan is subject to the federal Making Homes Affordable Program but is not eligible because [the] solicitization letter expired," although plaintiff was then being considered for a HAMP federal loss mitigation program. These statements may be false but they do not constitute strong circumstantial evidence of conscious

misbehavior or recklessness, nor do they indicate a motive to commit fraud.  Each affiant may have believed the statements to be true but had erroneous information or was mistaken.  See James F. Canning Agency, 2010 WL 2698292 at *3 (finding no strong inference of fraudulent intent based on statement that turned out not be true but could have been believed as true at the time).  Accordingly, the claim for intentional misrepresentation will be dismissed.

### CUTPA

Defendant American argues that the CUTPA claim should be dismissed because it is dependent on the FDCPA and the Intentional Misrepresentation claims.   Plaintiff has alleged that American violated CUTPA through its misrepresentations that deceived Connecticut consumers.  The Court agrees that this claim is contingent on the assertions of the FDCPA violation and intentional misrepresentation.  The CUTPA claim will be dismissed.  See Clark v. Auto Recovery Bureau Conn, Inc., 889 F. Supp. 543 (D. Conn. 1994).

### Leave to Amend

The Court will not afford plaintiff leave to amend the complaint against Croog or American because plaintiff has already attempted to cure the pleadings in response to defendants' motions to dismiss and it appears that he cannot state a claim to withstand Iqbal scrutiny.

## CONCLUSION

For the foregoing reasons, the motions to dismiss [docs. # 67 and # 71] are GRANTED. The clerk is instructed to enter judgment in defendants' favor and to close this case.

_____/s/_____
Warren W. Eginton,
Senior U.S District Judge

Dated this \_\_9th\_th day of February 2011, at Bridgeport, Connecticut.